**CB RICHARD ELLIS INVESTORS, L.L.C., an Investment Manager of Southern California and Arizona Glaziers, Architectural Metal and Glass Workers Pension Trust, Plaintiff—Appellant,**

v.

**Robert E. SONNENBLICK, et al., Defendants—Appellees.**

No. 01–55918.

D.C. No. CV–01–00387–WJR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 7, 2002.

Decided Aug. 26, 2002.

Before T.G. NELSON, PAEZ and TALLMAN, Circuit Judges.

MEMORANDUM *

CB Richard Ellis Investors, L.L.C. ("CB Ellis"), as investment manager of Southern California, Arizona, Colorado, and Southern Nevada Glaziers, Architectural Metal and Glassworkers Pension Trust ("the Trust"), appeals the district court's order dismissing its first amended complaint as barred by the three-year statute of limitations of the Employee Retirement Income Security Act of 1974 ("ERISA"). The complaint alleged that Robert Sonnenblick violated ERISA's "prohibited transaction rules," 29 U.S.C. §§ 1106 and 1108, through an improper real estate brokerage

---

service contract he entered into with the Trust. We reverse the district court's dismissal because it improperly imputed to CB Ellis the Trust's knowledge of the alleged ERISA violation.

The ERISA statute of limitations invites a "two-step analysis of accrual of an ERISA action . . . ." *Ziegler v. Conn. Gen. Life Ins. Co.*, 916 F.2d 548, 550 (9th Cir. 1990). We "first isolate and define the underlying violation upon which . . . [plaintiff's] claim is founded," and determine when it occurred. *Id.* at 550–51 (citing *Meagher v. Int'l Ass'n of Machinists & Aerospace Workers Pension Plan*, 856 F.2d 1418, 1422 (9th Cir.1988)). We then decide when the plaintiffs had " 'actual knowledge' of the breach or violation." *Id.*

### 1. When the Underlying Violation Occurred

At the earliest, the purported violation occurred in April 1995, when Sonnenblick and Sardagna, acting as a fiduciary of the Plan, allegedly executed a "Term Sheet" under which Sonnenblick would perform services that would unlawfully benefit the Plan fiduciaries rather than the Plan itself. At the latest, the violation occurred in 1997, when the Glaziers answered Sonnenblick's state court complaint. Under either theory, the complaint falls within the six-year limitations period of § 1113, but outside of the three-year limitations period that runs from the time the plaintiff had actual knowledge of the violation. 29 U.S.C. § 1113.

### 2. When CB Ellis Obtained Actual Knowledge of the Violation

The district court improperly imputed to CB Ellis the Trust's knowledge of the Term Sheet and the surrounding litigation. The statute of limitations did not begin to run here until CB Ellis knew of the alleged violation. *Landwehr v. DuPree*, 72 F.3d 726, 732 (9th Cir.1995) (holding that "the limitations period in an ERISA action be-gins to run on the date that the person bringing suit learns of the breach or violation.") The plaintiff in an action under ERISA for engaging in prohibited transactions is the "fiduciary, beneficiary, or participant bringing suit." *Id.* That other fiduciaries knew of the violations does not set the limitations period running. CB Ellis's actual knowledge initiated the limitations period "regardless of whether any Plan fiduciary or service provider knew of the violation before that date." *Id.*

Here, imputing to CB Ellis the knowledge of the Trust would permit the purported wrongdoing to defeat the cure. Sonnenblick's rule would allow the unfaithful fiduciary and the service provider to control the starting date of the statute of limitations. It would also, in this case, convert the six-year limitations period in § 1113 into a three-year period by equating the fiduciaries' alleged breach with CB Ellis's knowledge of that breach. *See Ziegler*, 916 F.2d at 552 ("We stress that an ERISA plaintiff's cause of action cannot accrue and the statute of limitations cannot begin to run until the plaintiff has actual knowledge of the breach, regardless of when the breach actually occurred.").

The district court's ruling to the contrary is grounded on *Landwehr*'s discussion of potential abuses of its holding. *See Landwehr*, 72 F.3d at 733 n. 2. (distinguishing its facts from a case in which other beneficiaries knew of the violation before the plaintiffs, but withheld it from them "to prolong the period for filing"). Sonnenblick has not suggested that other fiduciaries affirmatively withheld information from CB Ellis in order to prolong the limitations period, or engaged in other manipulations of the statute of limitations. Thus, this case does not present the abuses that *Landwehr* warns of.

Finally, we reject Sonnenblick's argument that it is proper to impute the Trust's knowledge to CB Ellis because

their interests are identical. Assuming as true the allegations of the complaint, the interests of the former fiduciaries diverged from the interest of the Trust when they engaged in self-interested transactions involving Sonnenblick. In bringing this suit against Sonnenblick, CB Ellis seeks on behalf of the Trust to correct the alleged ERISA violations perpetrated not only by Sonnenblick, but also by the former fiduciaries. Sonnenblick's proposed rule would erroneously equate the interests of the wrongdoing fiduciaries to those of the Trust and CB Ellis. *See id.* at 732 (rejecting a rule that would start the statute of limitations running "on the first date that any plan fiduciary or other agent of the Plan had actual knowledge of" another fiduciary's violation); *see also Local 159, 342, 343 & 444 v. Nor–Cal Plumbing Inc.,* 185 F.3d 978, 982 (9th Cir.1999) (clarifying that the fiduciary and the plan are separate entities).

REVERSED AND REMANDED.

---

* Honorable James Ware, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.